**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **WILLIAM HAMBY, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:17-cv-01297** |
| | ) | **CHIEF JUDGE CRENSHAW** |
| **WARDEN SHAUN PHILLIPS,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM OPINION AND ORDER

William Hamby is an inmate at the Morgan County Correctional Complex in Wartburg, Tennessee. He has filed *pro se* a Petition (Doc. No. 1) under 28 U.S.C. § 2254, for writ of habeas corpus, and an Application (Doc. No. 7) to proceed in forma pauperis.

It appears from the Application that the Petitioner lacks sufficient financial resources from which to pay the fee required to file the Petition. Accordingly, Petitioner's Application is **GRANTED**. The Clerk will file the Petition in forma pauperis. 28 U.S.C. § 1915(a).

The Court is now obliged to review the Petition to determine whether it states a colorable claim for relief. Rule 4, Rules - - - § 2254 Cases.

The Petitioner is serving an eighteen (18) year sentence for aggravated kidnapping. (Doc. No. 1 at 1.) He is not challenging the legality of the conviction. Rather, the Petitioner questions conditions of his confinement. (Id.) More specifically, he alleges "improper living conditions while in solitary confinement" which include (1) an inadequate amount of daily out-of-cell therapy; (2) moldy showers; (3) dried feces on the floor of his housing unit; (4) no access to legal request forms or a notary; (5) unanswered grievances; (6) not allowed visits with his attorney; and (7) "discarded

1

legal papers. (Id at 3.)

28 U.S.C. § 2254 provides relief for an individual "in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The Petitioner is attacking conditions of his confinement rather than the fact or duration of that confinement. Constitutional claims that merely challenge conditions of a prisoner's confinement, but not the fact or duration of that confinement, fall outside the "core" of habeas corpus. Nelson v. Campbell, 541 U.S. 637, 643 (2004). Therefore, the Petitioner has failed to state a claim upon which § 2254 relief can be granted.

Given the liberal construction accorded *pro se* pleadings, Haines v. Kerner, 404 U.S. 519 (1972), the Court could construe the § 2254 Petition as a complaint brought pursuant to 42 U.S.C. § 1983. Preiser v. Rodriguez, 411 U.S. 475, 499 (1973) (a civil rights action is the proper remedy for a state prisoner who is making a constitutional challenge to conditions of his confinement but not to the fact or duration of his custody). However, such a construction would not be appropriate in this instance because the Petitioner has already brought a challenge to conditions of his confinement at the Morgan County Correctional Complex. See Hamby v. Hernandez, No. 3:17-cv-0629 (M.D. Tenn.), Doc. No. 75 at 1 ("Plaintiff's claims arising out of events occurring at the MCCX were severed and transferred to the Northern Division of the U.S. District Court for the Eastern District of Tennessee pursuant to 28 U.S.C. § 1406(a))." Moreover, the Petitioner has not identified in the Petition what relief he is requesting and the events he complains about occurred in another judicial district.

Thus, in the absence of a colorable claim, the Petition is **DENIED** and the instant action is hereby **DISMISSED**. Given the dismissal of this action, Petitioner's pending Motions to inform

Trust Office (Doc. No. 4) and to add Respondents (Doc. No. 5) have been rendered **MOOT** and are

**DENIED** for that reason.

      IT IS SO ORDERED.


                               _____

                               WAVERLY D. CRENSHAW, JR.

                               CHIEF UNITED STATES DISTRICT JUDGE